```
                IN THE UNITED STATES DISTRICT COURT          FILED
              FOR THE NORTHERN DISTRICT OF ALABAMA
                         MIDDLE DIVISION                 99 JUN 29 PM 3:59

                                                          U.S. DISTRICT COURT
                                                            N.D. OF ALABAMA
CELIA IRBY,                     }
                                }
      Plaintiff,                }
                                }    CIVIL ACTION NO.
v.                              }
                                }    98-AR-0612-M         ENTERED
GOODYEAR TIRE & RUBBER          }
COMPANY, et al.,                }                          JUN 29 1999
                                }
      Defendants.               }
```

**MEMORANDUM OPINION**

On June 16, 1999, the court finally got around to hearing oral argument on defendants' pending motions for summary judgment. The case file is weightier than the case. An opinion as lengthy as the pleadings, evidence, and briefs is not called for.

Plaintiff, Celia Irby ("Irby"), was a rubber worker for defendant, Goodyear Tire & Rubber Company ("Goodyear"). While lifting tires Irby was injured and went on disability leave, drawing workers' compensation. When, after a considerable period of recuperation, Irby told Goodyear that she was ready to return to work, her personal physician, pursuant to Goodyear's usual practice, referred her to defendants, Gadsden Rehabilitation Associates, Ltd. ("Gadsden Rehab") and Sheral Serafini ("Serafini"), a physical therapist who worked for Gadsden Rehab.

1



Serafini gave Irby a "functional capacity evaluation" and found that Irby possessed physical limitations that would preclude her from returning to her old job lifting tires. Irby's personal physician recognized Irby's limitations by certifying Irby for light duty. He placed weight restrictions on her. Irby's said independent physician conspicuously has never questioned or criticized the evaluation conducted by Serafini. In fact, no one except Irby and her counsel questions the integrity or veracity of Serafini. Irby makes the dark claim that Goodyear withheld from her the fact that it had a contract with Gadsden Rehab. Goodyear had no obligation whatsoever to share this information with Irby. Without any such obligation, there could be no fraud of suppression. And there is nothing inherently nefarious about an employer having a contractual relationship with a physical therapist for the purpose of evaluating its employees after a job-related injury. To the contrary, it makes good sense.

Upon receiving Irby's physician's certification, Goodyear gave Irby a position that did not require heavy lifting. Not long thereafter Irby was "bumped" from her less strenuous job pursuant to the collective bargaining agreement's seniority rules. Having no other job that Irby, or anyone else with Irby's certified lifting limitations, could perform, Goodyear terminated Irby. Irby sued Goodyear for alleged violations of the Americans with Disabilities Act ("ADA") and of Title VII's prohibition against sex

2

discrimination.

During oral argument, Irby's counsel conceded that Irby's theory of liability requires proof that Goodyear's decisions were motivated by a **combination** of Irby's gender **and** disability. In other words, Irby charges that she was the object of discrimination, not based on the fact that she is female and not because she is disabled, but because she is a disabled female. Irby asserts that there was a pattern and practice at Goodyear of firing females with a disability. The court will reluctantly assume *arguendo* that Irby has made a colorable showing of such a pattern and practice.

Irby has not made out a *prima facie* case of sex discrimination, and has not even attempted to do so. Assuming *arguendo* that Irby has made out every other element of a *prima facie* case of intersectional, sex/disability discrimination, she has failed to offer proof of one essential element, *i.e.*, that there was a realistic means for Goodyear to accommodate her particular disability, whether actual or perceived, that is, unless Goodyear wanted to risk further serious injury to Irby and/or trouble with the union. The ADA requires neither that an employer take such risks, nor that it work miracles.

Irby cannot make out a claim under the ADA or under Title VII against Gadsden Rehab or Serafini because these two added defendants were not Irby's employers. Instead, the gist of Irby's

claim against these two tag-along defendants is that they were in cahoots with Goodyear and falsely or mis-evaluated Irby. In other words, Irby contends that she is not **actually** disabled, but rather was "perceived" by Goodyear to be disabled under the ADA because of the errors or fraud committed by Gadsden Rehab and Serafini. Irby is faced with several insurmountable problems here. First, Goodyear could not erroneously "perceive" a disability which it participated in creating. If it, in fact, knew that Irby was not disabled, it could not "perceive" that she was disabled, and could not have "accommodated" a disability that it knew did not exist. Second, the alleged conspiracy between Goodyear, Gadsden Rehab, and Serafini is a pure matter of speculation and is without any substantive support in the evidence. It takes more than guess-work and conjecture to prove a conspiratorial enterprise. Furthermore, Serafini could not have conspired with Gadsden Rehab because Serafini was employed by Gadsden Rehab. Lastly, and most importantly, Irby offers no evidence whatsoever to prove either that she is physically capable of lifting tires like she once was, or that Gadsden Rehab and Serafini were guilty of medical malpractice when they evaluated her physical ability using a routine, standard series of inquiries and tests. An Alabama plaintiff who charges a medical professional with negligence or "malpractice" must support her charge with expert testimony pointing out the error or errors committed by the medical

4

professional. There is nothing in this record to indicate that what Gadsden Rehab and Serafini did to evaluate Irby was performed with less than the degree of professionalism called for by the standard practice in the relevant community. Irby's addition of Gadsden Rehab and Serafini as defendants has the appearance of an after-thought occasioned by a sudden recognition that the intersectional discrimination claim against Goodyear was weak. Upon the court's questioning of counsel for Irby during oral argument, he agreed that Irby would have claimed that she was the victim of retaliation for having filed a workers' compensation claim if she had not executed a release of that claim. Irby is persistent and innovative, but she has not been able to find evidence to go with her theories.

There is another point to be made. It is the point recognized by Judge Hunt of the Northern District of Georgia in *Bute v. Schuller International Incorporated*, 998 F.Supp. 1473 (N.D. Ga. 1998). *Bute* is persuasive authority because of the shared fact that in both cases, the employee's own physician recognized that the employee was unable to perform the job he or she had previously performed. Under such circumstances, Judge Hunt held:

> The fact that defendant regarded plaintiff as unable to perform the duties of a Machine Attendant because his back injury precluded him from lifting heavy objects does not compel the conclusion that defendant regarded plaintiff as "disabled." **Where "defendant's recognition of plaintiff's limitations was not an erroneous perception, but instead was a recognition of a fact called to defendant's attention by plaintiff's own physician,"** a finding that

5

> plaintiff was regarded as disabled and, therefore, entitled to the protections of the ADA is inappropriate. *McCollough v. Atlanta Beverage Co.*, 929 F.Supp. 1489, 1498 (N.D.Ga. 1996). Here, any limitations placed on plaintiff's employment were based on the lifting restrictions imposed on plaintiff by three different physicians.

*Id.* 1477. (emphasis supplied).

Irby's back-door approach to Gadsden Rehab and Serafini is closed, if not by the absence of any real proof of fraud, then by the fact that any alleged fraudulent conduct, in order to be actionable, would have had to be proximately related to an actual ADA violation, something Irby has failed to substantiate. The two claims are inexorably intertwined. Without an ADA claim and consequent injury, there can be no fraud claim.

The court finds it unnecessary to discuss defendants' contention that Irby's state law claims are preempted by ERISA. Preempted or not, they are unsupported by evidence.

An appropriate separate order granting defendants' motions for summary judgment will be entered.

DONE this 29th day of June, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE